IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEQUAN CURRIE, #Y35799,<br><br>    Plaintiff,<br><br>v.<br><br>SEGREGATION STAFF AT PINKNEYVILLE CORRECTIONAL CENTER,<br>RILEY,<br>PORTER,<br>MAJOR ADAMS,<br>A.W. CRAW,<br>LT. WRANGLER, and<br>BREAUNMEIR,<br><br>    Defendants. | Case No. 22-cv-01248-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff SeQuan Currie, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

  Plaintiff alleges that he began a hunger strike on January 9, 2022, and informed Lieutenant Wrangler that he was on a hunger strike. (Doc. 1, p. 6). He also informed Correctional Officers Riley, Porter, and Breaunmeir that he was not eating when they would bring him meal trays. For

six days when Riley, Porter, and Breaunmeir brought Plaintiff meal trays, they would place the tray in the box to the door as if he took the tray and ate the food. Plaintiff told Assistant Warden Craw that he was on a hunger strike, and Craw said he would "look into it." Plaintiff's blood sugar became low, and he began getting severe headaches. At some point, he passed out from not eating and was taken out of his cell and given "oral sugars" to treat his low blood sugar. Plaintiff also informed mental health and health care about the hunger strike. Plaintiff seeks damages because "no one acknowledged [his] hunger strike."

## DISCUSSION

"Prison officials can be held liable if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it." *Szopinski v. Koontz,* 832 F. App'x 449, 451 (7th Cir. 2020) (citing *Farmer v. Brennan,* 511 U.S. 825, 846 (1994)). This duty to take reasonable measures to protect the safety of inmates includes situations where an inmate threatens to self-harm. *Id.* The Seventh Circuit has held, however, that when an inmate declares a hunger strike, he cannot maintain an Eighth Amendment claim where he is not seen by medical personnel immediately, and the only effects are weight loss and temporary discomfort. *Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011) (no deliberate indifference to medical needs where, after 21 days on hunger strike, inmate is taken to medical ward).

Here, it is not clear how the named Defendants' actions violated Plaintiff's constitutional rights during his six-day hunger strike. Even though Plaintiff had stopped eating, Defendants continued to offer and provide him food, and Plaintiff does not claim that he sought and was denied medical care by any of the Defendants. In fact, it appears he did see medical providers, as he states he spoke with both mental health and health care staff during this time. Additionally, at some point when he "passed out," Plaintiff was removed from his cell and treated with medicine. The allegations as pled, do not demonstrate that Defendants acted with deliberate indifference to a

serious risk of injury or death in response to Plaintiff's decision to go on a hunger strike, and therefore, claims brought against the Defendants for failing to "acknowledge" that he was on a hunger strike are dismissed without prejudice. *See Owens,* 635 F. 3d at 955 ("[p]rison administrators have a right and a duty to step in and force an inmate to take nourishment if a hunger strike has progressed to the point where continuation risks serious injury or death").

Because Plaintiff has failed to state a claim for relief, the Complaint does not survive preliminary review under Section 1915A. Plaintiff will be given an opportunity to replead his claims in an amended complaint if he wishes to proceed with this case.

### DISPOSITION

For the reasons stated above, the entire Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before June 28, 2023. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01248-SPM). To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any

previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 31, 2023**

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**