IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SEQUAN CURRIE,
#Y35799,

      Plaintiff,

v.

SEGREGATION STAFF AT
PINCKNEYVILLE CORRECTIONAL
CENTER, *et al.*,

      Defendant.

Case No. 22-cv-01248-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff SeQuan Currie is an inmate in the custody of the Illinois Department of Corrections. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging mistreatment by staff while incarcerated at Pinckneyville Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 11). The Court granted Plaintiff an opportunity to replead his claims in an amended complaint. He was directed to file a First Amended Complaint on or before June 28, 2023. Plaintiff was advised that failure to do so would result in the dismissal of the entire case.

    Plaintiff has missed the deadline. A week has passed since it expired, and he has not requested an extension or filed an amended complaint. Additionally, mail sent to Plaintiff on June 1, 2023, has been returned to the Court as undeliverable. (Doc. 12). Plaintiff has been advised of his obligation to notify the Court of any change in his address and warned that failure to do so may result in dismissal of this case for want of prosecution. (Doc. 3, 11).

    The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for failure to state a claim, as stated in the Merit Review Order.

(Doc. 11). This action is also dismissed due to Plaintiff's failure to comply with an order of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 6, 2023**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**